**Walter Ernesto RIVAS–
ALMENDAREZ,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

No. 07–70707.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Lisa Dubowski, Ask Law Group, Sherman Oaks, CA, for Petitioner.

David V. Bernal, Regina Byrd, Liza S. Murcia, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

## MEMORANDUM **

Walter Ernesto Rivas–Almendarez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Rivas–Almendarez's motion to reopen to rescind his deportation order because the hearing notice was sent by regular mail to the address last provided by Rivas–Almendarez, as was acceptable un-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der the regulations in force at the time. *See* 8 U.S.C. § 1252(3)(B)(1) (1990) (requiring notice of hearing but not specifying form of service required); 8 C.F.R. § 3.17 (1990) (same); *Matter of Munoz–Santos,* 20 I. & N. Dec. 205, 207 (BIA 1990) (routine service to last address provided was adequate for notice of hearing); *cf. Sembiring v. Gonzales,* 499 F.3d 981, 988–90 (9th Cir.2007) (describing evidence sufficient to overcome presumption of effective service). Rivas–Almendarez's due process claim regarding the use of regular mail therefore fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on due process claim).

Rivas–Almendarez has waived any challenge to the BIA's denial as untimely of his motion to reopen to seek benefits under the Nicaraguan and Central American Relief Act of 1997. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (arguments not raised in the opening brief are deemed waived).

Finally, Rivas–Almendarez's contention that his May 16, 2006, unopposed motion to reopen should have been automatically granted lacks merit.

**PETITION FOR REVIEW DENIED.**